| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER 1982CV00238 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Michael O'Neill on behalf of themselves and all others similarly situated et al vs. Carrington Mortgage Services LLC | Walter F. Timilty, Clerk of Courts |
|---|---|

Attorney General
Consumer Protection Division

*file copy*
2/21/19

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

COURT NAME & ADDRESS
Norfolk County Superior Court
650 High Street
Dedham, MA 02026

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 02/21/2019.

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE

*Deborah Lewis*
Deputy Assistant Clerk
4/11/19

| DATE 02/21/2019 | CLERK OF COURTS Walter F. Timilty, Clerk of Courts |
|---|---|

**COMMONWEALTH OF MASSACHUSETTS**
**County of Norfolk**
**The Superior Court**

|  |  |
|---|---|
| Michael O'Neill and Gail O'Neill, *on behalf of themselves and all others similarly situated*, | : |
|  | : |
| Plaintiffs, | : |
|  | : Civil Docket #: 19    0228 |
| v. | : |
|  | : |
| Carrington Mortgage Services, LLC, | : |
|  | : |
| Defendant. | : |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiffs, Michael O'Neill and Gail O'Neill, by and through undersigned counsel, pleading on their own behalf and on behalf of all others similarly situated, state as follows:

## INTRODUCTION

1.      This action arises out of Defendant Carrington Mortgage Services, LLC's ("Carrington" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.      The Massachusetts Attorney General regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone

number provided by the debtor as his or her personal telephone number" for each debt. 940 CMR § 7.04(1)(f).

3.      The Massachusetts Supreme Court recently confirmed that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation does not limit 'communication[s],' but, rather, the <u>initiation</u> of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless <u>initiated</u> the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

4.      Notwithstanding the Attorney General's regulations, it is Carrington Mortgage Services, LLC's ("Carrington" or "Defendant") practice to call Massachusetts consumers more than two times within a seven-day period in an attempt to collect consumer debts.  Carrington separately placed more than two collection calls within a seven-day period to both Plaintiffs Michael O'Neill and Gail O'Neill ("Plaintiffs"), violating the express provisions of § 7.04(1)(f). Plaintiffs seek to represent all consumers similarly situated.  Plaintiffs seek injunctive relief to end Carrington's illegal practice, declaratory relief to make Carrington's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

5.      Plaintiff Michael O'Neill ("Mr. O'Neill") and Plaintiff Gail O'Neill ("Mrs. O'Neill") are each adult individuals residing in Foxborough, Norfolk County, Commonwealth of Massachusetts, and are each a "debtor" as defined by 940 C.M.R. § 7.03.

6.      Defendant, Carrington Mortgage Services, LLC, is a Delaware business entity with an address of 1600 Douglass Road, Suite 110, Anaheim, CA 92806, and is a "creditor" as

defined by 940 CMR § 7.03. Upon information and belief, Carrington does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      Mr. O'Neill and Mrs. O'Neill jointly incurred a financial obligation (the "Debt") in the form of a residential mortgage loan that arose from services which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 940 CMR § 7.03.

8.      Carrington attempted to collect the Debt from Plaintiffs and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B.  Carrington Engages in Unfair Business Practices

9.      Within the last four years, Carrington placed collection calls to each of the Plaintiffs in an attempt to collect the Debt.

10.      Carrington called Mr. O'Neill's cellular telephone at number 508-XXX-9218.

11.      Carrington called Mrs. O'Neill's cellular telephone at number 508-XXX-9219.

12.      Carrington called Plaintiffs from, *inter alia*, telephone number 800-561-4567.

13.      Carrington called each of the Plaintiffs at an excessive and harassing rate, placing more than two calls to each of the Plaintiffs' respective cellular telephones within a seven-day period in an attempt to collect the Debt. Indeed, Carrington regularly placed calls to the Plaintiffs on a daily basis.

14.      At all times that Carrington was calling the Plaintiffs' cellular telephones, the Debt was alleged to be more than thirty days past due.

15.    Moreover, Carrington initially left voicemails with the Plaintiffs however eventually Carrington stopped leaving voicemails for Plaintiffs despite the fact that their voicemail systems were working and in order.

## C. Plaintiffs Suffered Actual Damages and Injury

16.    Plaintiffs suffered actual damages as a result of Carrington's unlawful conduct.

17.    As a direct consequence of Carrington's acts, practices and conduct, Plaintiffs suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.    Carrington's repeated calls were distracting and an inconvenience to Plaintiffs, and an invasion of their personal privacy.

19.    Carrington's repeated calls wasted Plaintiffs' time and energy spent tending to Carrington's calls.

## CLASS ACTION ALLEGATIONS

## A. The Class

20.    Plaintiffs bring this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

21.    Plaintiffs seek to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from** Carrington **within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

## B. Numerosity

22.    As its regular business Practice, Carrington hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

23.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.   Identification of the class members is a matter capable of ministerial determination from Defendant's records.

24.     Plaintiffs reasonably believe that there are thousands of Massachusetts consumers who are members of the Class.

## C.  Common Questions of Law and Fact

25.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

26.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b.  Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D.  Typicality

27.     Plaintiffs' claims are typical of the claims of the class members, since each of the claims arise from receiving in excess of two debt collection calls regarding a debt within a seven-day period.

## E.  Protecting the Interests of Class Members

28.     Plaintiffs will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

29.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

30.    Plaintiffs have retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F.  Proceeding Via a Class Action is Superior and Advisable**

31.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

34.    Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

35.    The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

**COUNT I**
**VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,**
**AND MDCR, 940 CMR § 7.04(1)(f)**

36.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendant initiated communications via telephone in excess of two times within a seven-day period regarding the Debt to each Plaintiffs' respective cellular telephone, in violation of 940 CMR § 7.04(1)(f).

38.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

39.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiffs is entitled to double or treble damages plus reasonable attorney's fees and costs.

40.     Pursuant to M.G.L. c. 93A, § 9, Plaintiffs are entitled to and do seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

41.     Pursuant to M.G.L. c. 93A, § 9, Plaintiffs are entitled to and do seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) as to Plaintiffs and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

### **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs ask that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant, as follows:

A)     An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

7

B)   Declaratory relief as prayed herein;

C)   Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D)   Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E)   Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F)   Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2019                    PLAINTIFFS,
                                            MICHAEL O'NEILL AND GAIL O'NEILL

                                            By Plaintiffs' attorneys,

                                            LEMBERG LAW, LLC

                                            Sergei Lemberg (BBO# 650671)
                                            slemberg@lemberglaw.com
                                            LEMBERG LAW, LLC
                                            43 Danbury Road
                                            Wilton, CT 06897
                                            T: (203) 653-2250
                                            F: (203) 653-3424

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
_Deborah Reis_
Deputy Assistant Clerk
4/11/19

8

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>19    0238 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Michael O'Neill and Gail O'Neill, on behalf<br>of themselves and all others similarly situated | COUNTY |
|---|---|---|
| ADDRESS: | 4 Bassett Street Foxborough, MA 02035 | Norfolk |

| | | DEFENDANT(S): | Carrington Mortgage Services, LLC |
|---|---|---|---|

| ATTORNEY: | Sergei Lemberg | | |
|---|---|---|---|
| ADDRESS: | Lemberg Law, LLC, 43 Danbury Road | ADDRESS: | 1600 South Douglass Road, Suites 110 & 200-A |
| Wilton, Connecticut 06897 | | Anaheim, CA 92806 | |
| BBO: | 650671 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

*If "Other" please describe:   VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................................ $ _____
2. Total doctor expenses .................................................................................................. $ _____
3. Total chiropractic expenses .......................................................................................... $ _____
4. Total physical therapy expenses ................................................................................... $ _____
5. Total other expenses (describe below) .......................................................................... $ _____
   Subtotal (A): $ _____
B. Documented lost wages and compensation to date ........................................................... $ _____
C. Documented property damages to dated ......................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ............................................ $ _____
E. Reasonably anticipated lost wages ................................................................................. $ _____
F. Other documented items of damages (describe below) ...................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

   TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):   I ATTEST THAT THIS DOCUMENT IS A   TOTAL: $   750,000.00
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Signature of Attorney/Pro Se Plaintiff: X _____   Deputy Assistant Clerk   Date: Feb 14, 2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: Feb 14, 2019

3.0

19    0238

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

Norfolk County
Docket number:

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

**Plaintiff(s):** Michael O'Neill and Gail O'Neill, *on behalf of themselves and all others similarly situated*

v.

**Defendant(s):** Carrington Mortgage Services, LLC,

2/21/2019 Motion is allowed
as to all Pre Judgment
Service of Process.

(Buckley, J)
att: Maria Gibbs
Asst Clerk

The undersigned moves to request that this honorable court appoint William Dewsnap, of Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent
address:

Signed under the pains and penalties of perjury:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

Sergei Lemberg, Esq.

Date: February 14, 2019

# ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that William Dewsnap, of Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

## ALLOWED

_____
Signature

_____
Title and date

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

Deputy Assistant Clerk

4/11/19

4.0

(TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                    SUPERIOR COURT
                                                               CIVIL ACTION

                                                               NO. 19    0238

Michael O'Neill and Gail O'Neill *Plaintiff(s)*
on behalf of themselves and all others similarly situated

v.

Carrington Mortgage Services, LLC *Defendant(s)*

### SUMMONS

To the above-named Defendant: Carrington Mortgage Services, LLC.

    You are hereby summoned and required to serve upon Sergei Lemberg, Esq., plaintiff's attorney, whose address is 43 Danbury Rd, 3rd Floor Wilton, CT 06897 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    WITNESS,  **JUDITH FABRICANT, Esquire**  , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

Deputy Assistant Clerk
4/11/19

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

5.0

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS.**

**NORFOLK SUPERIOR COURT**
**CIVIL ACTION NO. 1982CV00238**

**MICHAEL O'NEILL and GAIL O'NEILL,** *on behalf of themselves and all others similarly situated,*

     **Plaintiffs,**

**V.**

**CARRINGTON MORTGAGE SERVICES, LLC,**

     **Defendant.**

## STIPULATION TO EXTEND TIME FOR <u>CARRINGTON TO RESPOND TO COMPLAINT</u>

Carrington Mortgage Services, LLC (**Carrington**) was served with the complaint on March 5, 2019. Carrington's response is due March 25, 2019. *See* Mass. R. Civ. P. 12. The parties hereby stipulate the time for Carrington to file its response to the complaint is extended to <u>April 15, 2019</u>.

The parties establish good cause for the extension: Carrington recently retained counsel in this matter, who are working diligently to formulate a response but need additional time. The parties move the court, pursuant to Massachusetts Rule of Civil Procedure 6(b)(3) to enter an order extending Carrington's deadline to respond to the complaint to April 15, 2019.

3/26/19

**STIPULATION TO EXTEND TIME**
Civil Action No. 1982CV00238; *Michael O'Neill, et al. v. Carrington Mortgage Services, LLC*
*MEI 29993314v.1*

Page 1 of 2

Date:  March 26, 2019

**MICHAEL O'NEILL AND GAIL O'NEILL**

By Their Attorneys,

By DH
w/ permission

Sergei Lemberg, BBO #650671
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Tel. 203-653-2250
Fax 203-653-3424
slemberg@lemberglaw.com

Respectfully submitted,

**CARRINGTON MORTGAGE SERVICES, LLC**

By its Attorneys,

David Himelfarb, BBO #649596
Benjamin Greene, BBO # 696850
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Tel. 617-449-6500
Fax 617-326-3086
dhimelfarb@mccarter.com
bgreene@mccarter.com

*Of counsel:*

Marc J. Gottlieb, Esq.
Akerman LLP
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301
Tel. 954-463-2700
marc.gottlieb@akerman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2019, a true copy of the above document was served upon the attorney of record for each party by first class mail.

David Himelfarb

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED                    ORIGINAL

Deputy Assistant Clerk

4/11/19

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Public Docket Report**

**1982CV00238 Michael O'Neill on behalf of themselves and all others similarly situated et al vs. Carrington Mortgage Services LLC**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 02/21/2019 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | 04/11/2019 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 04/11/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C |

| DCM TRACK | | |
|---|---|---|
| **Tickler Description** | **Due Date** | **Completion Date** |
| Service | 05/22/2019 | 04/11/2019 |
| Answer | 06/21/2019 | 04/11/2019 |
| Rule 12/19/20 Served By | 06/21/2019 | 04/11/2019 |
| Rule 15 Served By | 06/21/2019 | 04/11/2019 |
| Rule 12/19/20 Filed By | 07/22/2019 | 04/11/2019 |
| Rule 15 Filed By | 07/22/2019 | 04/11/2019 |
| Rule 12/19/20 Heard By | 08/20/2019 | 04/11/2019 |
| Rule 15 Heard By | 08/20/2019 | 04/11/2019 |
| Discovery | 12/18/2019 | 04/11/2019 |
| Rule 56 Served By | 01/17/2020 | 04/11/2019 |
| Rule 56 Filed By | 02/18/2020 | 04/11/2019 |
| Final Pre-Trial Conference | 06/15/2020 | 04/11/2019 |
| Judgment | 02/22/2021 | 04/11/2019 |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Gail O'Neill on behalf of themselves and all others similarly situated | **Private Counsel** 650671<br>Sergei Lemberg<br>Lemberg Law, LLC<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897<br>Work Phone (203) 653-2250<br>Added Date: 02/21/2019 |
| **Plaintiff**<br>Michael O'Neill on behalf of themselves and all others similarly situated | **Private Counsel** 650671<br>Sergei Lemberg<br>Lemberg Law, LLC<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897<br>Work Phone (203) 653-2250<br>Added Date: 02/21/2019 |

| **Defendant**<br>Carrington Mortgage Services LLC<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110 | **Private Counsel**                                       649596<br>David Himelfarb<br>McCarter & English, LLP<br>McCarter & English, LLP<br>265 Franklin St<br>Boston, MA 02110<br>Work Phone (617) 449-6500<br>Added Date: 03/29/2019 |
|---|---|

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 02/21/2019 | Civil Filing Fee (per Plaintiff)<br>Receipt: 15168 Date: 02/21/2019 | 480.00 | 480.00 | 0.00 | 0.00 |
| 02/21/2019 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 15168 Date: 02/21/2019 | 20.00 | 20.00 | 0.00 | 0.00 |
| 02/21/2019 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 15168 Date: 02/21/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| 02/21/2019 | Fee for Blank Summons or Writ<br>(except Writ of Habeas Corpus) MGL<br>262 sec 4b Receipt: 15168 Date:<br>02/21/2019 | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **520.00** | **520.00** | **0.00** | **0.00** |

| \| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 02/21/2019 | | Attorney appearance<br>On this date Sergei Lemberg, Esq. added as Private Counsel for Plaintiff<br>Michael O'Neill on behalf of themselves and all others similarly situated | |
| 02/21/2019 | | Attorney appearance<br>On this date Sergei Lemberg, Esq. added as Private Counsel for Plaintiff<br>Gail O'Neill on behalf of themselves and all others similarly situated | |
| 02/21/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 02/21/2019 (sent to attorney) | |
| 02/21/2019 | 1 | Original civil complaint filed. | |
| 02/21/2019 | 2 | Civil action cover sheet filed. | |
| 02/21/2019 | | Demand for jury trial entered. | |
| 02/21/2019 | 3 | Michael O'Neill on behalf of themselves and all others similarly situated,<br>Gail O'Neill on behalf of themselves and all others similarly situated's<br>MOTION for appointment of Special Process Server.<br>Dewsnap & Associates LLC | |
| 02/21/2019 | | Endorsement on Motion to appoint a Special Process Server Pursuant to<br>Rule 4c of the M.R.C.P. (#3.0): ALLOWED<br>as to all pre judgment service of process (Buckley, J) | Buckley |
| 02/21/2019 | | Notice of 93A complaint sent to Attorney General | |
| 03/18/2019 | 4 | Service Returned for<br>Defendant Carrington Mortgage Services LLC: Service made in hand; to<br>Fred Monia, Process Specialist, CT Corporation System, Resident Agent,<br>for Carrington Mortgage Services, LLC at 155 Federal Street Suite 700<br>Boston MA 02110 on 3/5/19 at 3:59PM | |
| 03/29/2019 | 5 | Party(s) file Stipulation<br>to extend time for Carrington to respond to complaint (Rec'd 3/27/19)<br><br>Applies To: Carrington Mortgage Services LLC (Defendant) | |
| 03/29/2019 | | Attorney appearance<br>On this date David Himelfarb, Esq. added as Private Counsel for<br>Defendant Carrington Mortgage Services LLC | |
| 04/11/2019 | 6 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Himelfarb, Esq., David (Attorney) on behalf of Carrington<br>Mortgage Services LLC (Defendant)<br><br>(rec'd 4/8/19) | |
| 04/11/2019 | | Case transferred to another court. | |

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

*Deborah Luis*

Deputy Assistant Clerk

4/11/19

Case 1:19-cv-10643-ADB    Document 1    Filed 04/04/19    Page 1 of 6

6.C

2019 APR -8 PM 12: 56    4/11/19

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MICHAEL O'NEILL and GAIL
O'NEILL, *on behalf of themselves and all
others similarly situated,*

    Plaintiffs,

V.

CARRINGTON MORTGAGE
SERVICES, LLC,

    Defendant.

CIVIL ACTION NO. 19-10643



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk,
U. S. District Court
District of Massachusetts
By: *Christina Ybanez*
   Deputy Clerk
Date:  04/09/2019

## NOTICE OF REMOVAL

Carrington Mortgage Services, LLC (**Carrington**) removes the action filed in the Superior Court Department of the Commonwealth of Massachusetts for Norfolk County to the United States District Court for the District of Massachusetts.

## I.    STATEMENT OF THE CASE

1.     On February 12, 2019, Plaintiffs filed suit in the Superior Court Department of the Commonwealth of Massachusetts for Norfolk County in the case styled *Michael O'Neill, et al. v. Carrington Mortgage Services, LLC* and assigned civil docket no. 1982CV00238.[1]  The complaint alleges Carrington initiated more than two phone calls per week to Plaintiffs in violation of M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f).[2]  Plaintiffs seek compensatory, declaratory, and injunctive relief; as well as attorneys' fees and costs.[3]

## II.    BASIS FOR DIVERSITY JURISDICTION

2.     The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)

---

[1] *See* complaint (**compl.**), attached as **exhibit 1**.
[2] *See* compl., at ¶¶ 1–2.
[3] *See* compl., at 7–8.

NOTICE OF REMOVAL
Civil Action No. 19-10643; *Michael O'Neill, et al. v. Carrington Mortgage Services, LLC*
48483212;2
MEI 30104763v.1

because the parties are completely diverse and the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id.* at 84.

**A.    The parties are citizens of different states.**

3.    Plaintiffs are citizens of Massachusetts because that is where they are domiciled.[4] Plaintiffs also seek to represent a putative class of "consumers residing in the Commonwealth of Massachusetts," for alleged violations of a Massachusetts regulation applying to communications with "debtors," defined in 940 CMR § 7.03 as persons "present or residing in Massachusetts."[5] Any putative class of plaintiffs are therefore also citizens of Massachusetts.

4.    Carrington is a Delaware limited liability company with its principal place of business in Anaheim, California. The citizenship of a limited liability company is determined by the citizenship of all its members. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrota*, 661 F.3d 124, 125 (1st Cir. 2011).

5.    Carrington's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC.

6.    Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington

---

[4] *See* compl., at ¶ 5.
[5] *See* compl. at ¶ 21.

NOTICE OF REMOVAL
Civil Action No. 19-10643; *Michael O'Neill, et al. v. Carrington Mortgage Services, LLC*
48483212;2                                                                                    Page 2 of 6
MEI 30104763v.1

Holding Company, LLC and a private individual. The private individual is not a citizen of the state of Massachusetts. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are three private individuals who are not citizens of the state of Massachusetts.

**B.    The amount in controversy exceeds $75,000.**

7.    The removing party must show a reasonable probability the amount in controversy is met, which is identical to the preponderance of the evidence standard. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 49-50 (1st Cir. 2009). Plaintiffs claim to have suffered actual damages in the form of "anger, anxiety, emotional distress, fear, frustration and embarrassment," but do not plead a specific damage amount in the complaint. However, in the civil cover sheet served with the complaint Plaintiffs claim $750,000 in damages, exclusive of attorneys' fees and costs. *See Dias v. Genesco*, No. 18-10691, 2019 WL 1255470, at *2 (D. Mass. Mar. 19, 2019) (looking to the civil cover sheet to determine the amount in controversy). Moreover, Plaintiffs necessarily concede they seek least $25,000 by filing their complaint in the superior court. M.G.L. c. 212 § 3 ("[A]ctions may proceed in the [superior] court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000."). In their prayer for relief, Plaintiffs request the superior court treble the damages. So, by filing in the superior court and requesting trebling of damages, Plaintiffs seek at least $75,000 exclusive of attorneys' fees and costs.[6] *See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 32

---

[6] Based on the allegations of the complaint, Carrington maintains that aggregation would be appropriate in determining the amount in controversy. *See Callahan v. Shepherd*, No. 17-cv-10508, 2018 WL 1041542, at *3 (D. Mass. Feb. 23, 2018) ("Although multiple plaintiffs generally may not aggregate separate individual claims to meet the amount-in-controversy requirement, there is an exception where several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest."). Here, Plaintiffs, a husband and wife, jointly assert only a single count for debt collection violations stemming from a "jointly incurred financial obligation." *See*

n.1 (D. Mass. 1995) (holding treble damages are a form of punitive damages and must be considered to the extent claimed in determining whether the amount in controversy requirement is satisfied.).

8.      Since M.G.L. c. 93A § 9 allows a prevailing plaintiff to recover reasonable attorneys' fees and costs, they must also be included in determining the amount in controversy. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). Even ignoring the $750,000 in damages asserted in the civil cover sheet, Plaintiffs seek at least $75,000 in damages exclusive of attorney's fees and costs as indicated above. Reasonable attorneys' fees and costs would then surely carry plaintiffs' claims beyond the jurisdictional threshold. Indeed, Plaintiffs' attorney, Sergei Lemberg, filed a fee application under M.G.L. 93A § 9 in another case within this District claiming an hourly rate of $500 and seeking over $200,000 in attorneys' fees despite the case settling at mediation months before trial. *Chou, et al. v. Subaru of America, Inc.*, No. 16-cv-10610-WGY (D. Mass.).

## III.     THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

9.      Removal of this action is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of Carrington's receipt of the complaint, through service or otherwise. Carrington was served on March 5, 2019.

10.     Venue is proper in this court because the United States District Court for the District of Massachusetts embraces the place in which the state court action is pending. 28 U.S.C. § 1441(a).

---

*generally*, complaint. Further, in their demand for relief, Plaintiffs jointly request compensatory, declaratory, and injunctive relief. *Id.* Regardless, even if only one of the Plaintiffs meets the jurisdictional amount, this court has supplemental jurisdiction over the other. *Exxon Mobil Corp., v. Allapattah Servs., Inc.*, 545 U.S. 546, 579 (2005) (the supplemental jurisdiction statute permits exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy the amount in controversy requirement, as long as the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount in controversy requirement).

11.    Notice has been sent to the state court and Plaintiffs' counsel regarding the removal of this action.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-2**.

12.    In accordance with Local Rule 81.1, Carrington will file a certified or attested copy of the state court record within 28 days of filing this notice of removal.

13.    In filing this notice of removal, Carrington does not wish to waive its rights to raise any defenses or grounds for dismissal pursuant to Federal Rule of Civil Procedure 12, or otherwise.

WHEREFORE, Carrington removes this action now pending against it in the Commonwealth of Massachusetts, Superior Court Department for Norfolk County.

Dated: April 4, 2019

Respectfully submitted,

*/s/ David Himelfarb*
David Himelfarb, BBO No.: 649596
Benjamin Greene, BBO No: 696850
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Telephone: 617-449-6500
Facsimile:  617-326.3086
dhimelfarb@mccarter.com
bgreene@mccarter.com

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE
Deputy Assistant Clerk
4/11/19

*Of counsel:*

Marc J. Gottlieb
AKERMAN LLP
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Telephone: 954463-2700
marc.gottlieb@akerman.com

NOTICE OF REMOVAL
Civil Action No. 19-10643; *Michael O'Neill, et al. v. Carrington Mortgage Services, LLC*
48483212;2
MEI 30104763v.1

Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.  Copies of this Notice shall be sent by First Class U.S. Mail, postage prepaid, to counsel for the plaintiffs: Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897.

/s/ David Himelfarb
David Himelfarb



Certified to be a true and
correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: _____
Deputy Clerk
Date: 04/05/2019

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:19-cv-10643-ADB

O'Neill et al v. Carrington Mortgage Services, LLC
Assigned to: Judge Allison D. Burroughs
Demand: $750,000
Cause: 28:1441 Notice of Removal

Date Filed: 04/04/2019
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Diversity

**Plaintiff**

**Michael O'Neill**

represented by **Sergei Lemberg**
Lemberg Law, L.L.C.
43 Danbury Road
Wilton, CT 06897
203-653-2250 x5500
Fax: 203-653-3424
Email: slemberg@lembergław.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gail O'Neill**

represented by **Sergei Lemberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Carrington Mortgage Services, LLC**

represented by **David Himelfarb**
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6500
Fax: 617-607-9200
Email: dhimelfarb@mccarter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/04/2019 | 1 | NOTICE OF REMOVAL by Carrington Mortgage Services, LLC ( Filing fee: $ 400, receipt number 0101-7621714 Fee Status: Filing Fee paid) (Attachments: # 1 Exhibit A - State Court File, # 2 Exhibit B - State Court File, # 3 Civil Cover Sheet, # 4 Category Form)(Himelfarb, David) (Entered: 04/04/2019) |

| 04/04/2019 | 2 | CORPORATE DISCLOSURE STATEMENT by Carrington Mortgage Services, LLC. (Himelfarb, David) (Entered: 04/04/2019) |
| 04/05/2019 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Marianne B. Bowler. (Finn, Mary) (Entered: 04/05/2019) |
| 04/05/2019 | 4 | Certified Copy of Notice of Removal Provided to Defense Counsel by Email (McDonagh, Christina) (Entered: 04/05/2019) |
| 04/05/2019 | 5 | General Order 09-1, dated January 6, 2009 regarding the E-Government Act and Personal Identifiers entered. (McDonagh, Christina) (Entered: 04/05/2019) |